Bryan B. RILEY

v.

The UNITED STATES.

No. 206–73.

United States Court of Claims.

Sept. 19, 1979.

Maurice F. Biddle, Washington, D. C., attorney of record, for plaintiff.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant.

Before NICHOLS, KUNZIG and BENNETT, Judges.

## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

BENNETT, Judge:

This military pay case is before the court on the parties' motions for summary judgment. Plaintiff was formerly a captain on active duty in the United States Air Force Reserve when he was involuntarily released from active duty because he had twice been passed over for promotion to the temporary rank of major. Plaintiff contends that his release was unlawful, and that he is entitled to back pay, correction of his records,

and reinstatement to the rank of captain.[1] We agree and hold for plaintiff.

Plaintiff was first nonselected for promotion to the temporary rank of major by the 1972 fiscal year selection board which met on November 8, 1971 [1972 selection board]. Plaintiff's records before the 1972 selection board contained two officer effectiveness reports (OERs) covering the periods October 27, 1966–July 31, 1967, and August 1, 1967–June 6, 1968,[2] both of which carried an overall evaluation of 6 (low block, very fine) and a promotion recommendation of 2 (promote along with contemporaries). Plaintiff moved to challenge the two OERs after his first nonselection by petitioning the Officer Personnel Records Review Board to void the two OERs because they were unjust and not truly representative of his performance. The Review Board did void the two OERs on June 29, 1972.[3]

On July 25, 1972, plaintiff petitioned the Air Force Board for the Correction of Military Records (Correction Board seeking to have the passover by the 1972 selection board removed from his records. While his application was pending, plaintiff was passed over a second time for promotion to the temporary rank of major by the fiscal year 1973 selection board. Plaintiff's record before the 1973 selection board did not contain the two voided OERs, contained an explanation that they had been removed by appeals board action, and contained the fact that plaintiff had been passed over by the 1972 selection board. As a result of his second passover, plaintiff was released from active duty on April 30, 1973, under the two-passover rule. On May 1, 1973, plaintiff reenlisted in the Air Force in the grade of staff sergeant. He retired in November 1977.

After the decision of the 1973 selection board, plaintiff amended his petition before the Correction Board asking for the removal from his records of the second passover. On April 24, 1973, the Correction Board denied his application simply stating that "a careful consideration of your military record, together with such facts as have been presented by you, fails to establish a showing of probable error or injustice in your case."

1. Plaintiff also asked for an order from the court promoting him to temporary major. In a prior ruling, the court dismissed this part of the petition. *Riley v. United States*, 204 Ct.Cl. 865 (1974).

2. The following is a list of the OER ratings received by plaintiff between May 1962 and May 1972:

| Period | Overall Evaluation | Rating |
|---|---|---|
| 10 Jan 1962 to 22 May 1962 | Training Report | |
| 23 May 1962 to 22 Sep 1962 | Effective and Competent | (5) |
| 23 Sep 1962 to 22 Mar 1963 | Effective and Competent | (5) |
| 23 Mar 1963 to 22 Sep 1963 | Effective and Competent | (5) |
| 23 Sep 1963 to 21 Feb 1964 | Very Fine | (LB–6) |
| 22 Feb 1964 to 22 Aug 1964 | Exceptionally Fine | (8) |
| 23 Aug 1964 to 22 Feb 1965 | Very Fine | (TB–7) |
| 23 Feb 1965 to 6 Oct 1965 | Very Fine | (TB–7) |
| 7 Oct 1965 to 6 Apr 1966 | Very Fine | (TB–7) |
| 7 Apr 1966 to 26 Oct 1966 | Very Fine | (TB–7) |
| *27 Oct 1966 to 31 Jul 1967 | Very Fine | (LB–6) |
| * 1 Aug 1967 to 6 Jun 1968 | Very Fine | (LB–6) |
| 7 Jun 1968 to 18 Feb 1969 | Training Report | |
| 19 Feb 1969 to 23 May 1969 | Outstanding | (9) |
| 24 May 1969 to 23 May 1970 | Exceptionally Fine | (8) |
| 24 May 1970 to 23 May 1971 | Outstanding | (9) |
| 24 May 1971 to 23 May 1972 | Outstanding | (9) |

* Voided Reports.
Note: LB—Low Block; TB—Top Block.

3. The Review Board operates under the provisions of Air Force Regulation (AFR) 31–11 (Feb. 8, 1970), which permits it to void OERs but not nonselections for promotions.

Plaintiff petitioned this court for relief on July 11, 1973. On August 15, 1975, the court remanded the case to the Correction Board for development of the facts to show the basis of the board's conclusion. In an opinion dated October 20, 1975, the Correction Board sustained its denial of all relief.

Plaintiff asserts that his passovers by the 1972 and 1973 selection boards were unjust and unlawful, and, therefore, his separation predicated on these two passovers was illegal. The 1972 selection board's decision was without effect in his case, he alleges, because of the presence in his records before the 1972 selection board of the two subsequently voided, prejudicial OERs, and he was therefore not fairly considered for promotion. Further, despite the fact that these OERs were not in his records before the 1973 selection board, that board did have before it the prejudicial fact that plaintiff had been passed over by the 1972 selection board and he was not fairly considered for promotion by that board as well. The Correction Board's failure to remove the passovers from his record was arbitrary, capricious, unsupported by substantial evidence, and contrary to law.

■ The legal framework for this claim is largely governed by our recent decision in *Sanders v. United States*, 594 F.2d 804, 219 Ct.Cl. —— (1979).[4] In *Sanders* this court held that an officer was entitled to be considered for promotion "on the basis of a record which portrayed his service career on 'a fair and equitable basis' as the statutes require. 10 U.S.C. §§ 3442(c), 8442(c)." 594 F.2d at 814, 219 Ct.Cl. at ——. *See also Yee v. United States*, 512 F.2d 1383, 206 Ct.Cl. 388 (1975); *Weiss v. United States*, 408 F.2d 416, 187 Ct.Cl. 1 (1969). If such consideration was not had, the passover was of no effect and any separation predicated on such passover was illegal. To recover under this standard, it must be shown that there was prejudicial legal or factual error or injustice in the manner of the selection

board's consideration of plaintiff for promotion. Harmless error, however, that was unrelated to an officer's nonselections will not warrant judicial relief.

■ There is no doubt that plaintiff was not considered for promotion by the 1972 selection board in the manner required by law. His records contained at that time the two subsequently voided OERs which had been excised from his records by the Officer Personnel Records Review Board in response to plaintiff's petition alleging that the OERs were unjust and not truly representative of his performance. These OERs were lower than the immediately preceding and all following OERs and his average ratings and disturbed the picture of steady advancement and increased competence and efficiency which his records otherwise demonstrated. Thus, consideration of plaintiff by the 1972 selection board on the basis of a record which contained the two unjust OERs was legal error.

Defendant contends that the error was harmless in this case. In substance, this was the reason for the Correction Board's decision that plaintiff was not entitled to relief. The Correction Board noted:

> The threshold question in this case is whether the applicant *would have been selected* for promotion to the temporary grade of major by the [1972] selection board * * * if the contested OERs had not been a part of his record when reviewed by that board. [Emphasis added.]

The Correction Board found that "[a]lthough the OERs removed from his record may have been detrimental to his selection by the [1972] board," the removal of the unjust OERs "did not significantly improve his record to the degree" that the Correction Board was convinced that he would have been promoted or was assured of promotion by the 1972 selection board "as evidenced by his nonselection by the [1973] selection board." This is a bootstrapping argument.

---

4. Prior to our ruling in *Sanders*, defendant raised many arguments including those concerning our jurisdiction and scope of review of military pay cases. Except for defendant's de-

fense of laches, which will be considered below, defendant no longer asserts them since they were fully dealt with in *Sanders*.

This court rejected the Correction Board's standard of review of selection board actions in *Sanders.* Whereas this standard may be appropriate in determining whether an officer, applying to the Correction Board, is entitled to a promotion, it is not appropriate for determining whether an officer is entitled to have a *passover* declared void. Whereas the doctrine of harmless error applies to such errors, to defeat an officer's recovery it must be shown that "the error or injustice was truly harmless, that is, * * * substantial evidence shows that it was unlikely that the officer would have been promoted in any event." *Sanders v. United States, supra,* 594 F.2d at 818, 219 Ct.Cl. at ——.

Defendant contends that this test has been met and that the error was truly harmless in this case. Defendant submits uncontested evidence which shows that plaintiff's ranking, based on an evaluation of all factors in his record before the 1972 selection board, was one and one-half points below the cutoff point for promotion. Since plaintiff was one and one-half points below the cutoff, defendant argues that it was unlikely that the change in his record due to the removal of the two unjust OERs would have resulted in his promotion.

Defendant has not contested, however, the fact that plaintiff's efficiency rating based on all of his OERs, including the two unjust OERs, was not competitive with that of officers who were promoted but was competitive after the excision of the unjust OERs. This is the only indication anywhere in the record which has any bearing on the issue of what effect the voiding of the OERs had on plaintiff's competitive position. Though the information we have before us is flimsy at best, there is no information which shows that it is unlikely plaintiff would have been promoted if the 1972 selection board had considered plaintiff on the basis of a record which did not contain the unjust OERs. Thus, the Correction Board's decision failing to remove plaintiff's passover by the 1972 selection board was unsupported by substantial evidence, arbitrary, capricious, and contrary to law.

Once it is determined that plaintiff was improperly nonselected by the 1972 board, the facts demonstrate that plaintiff's records before the 1973 selection board were inaccurate. Plaintiff's records before the 1973 board contained the fact that he had been passed over by the 1972 board, which fact should not have been in plaintiff's record. As noted in *Sanders v. United States, supra,* 594 F.2d at 819, 219 Ct.Cl. at —— "[t]he parties and even the Correction Board acknowledge that previous passovers may detrimentally affect promotion opportunities." The evidence submitted shows that plaintiff's numerical evaluation based on the whole-man concept before the 1973 board was the *same* as other officers who were promoted. Any favorable change in plaintiff's records before that board could easily have resulted in his promotion. Thus, inclusion of the 1972 nonselection in plaintiff's record before the 1973 board was prejudicial error which has not been demonstrated to have been harmless. Thus, prejudicial information was improperly included in plaintiff's records before the 1973 selection board and plaintiff's nonselection by the 1973 board is equally invalid.

Defendant claims that the court does not have to reach the merits of the case because plaintiff's claim is barred by laches. Plaintiff waited 4 and 5 years, respectively, after the unjust OERs were rendered before bringing a claim for their removal before the Officer Personnel Records Review Board. This delay has prejudiced the Government, defendant argues, and plaintiff's claim should therefore be barred.

The boards which considered plaintiff's applications for correction found either that they were timely or that the delay was excusable in the interest of justice. The Officer Personnel Records Review Board granted plaintiff's requested relief. We do not see any reason to challenge the decisions of these boards to entertain plaintiff's claim.

## CONCLUSION

We hold that the Correction Board's refusal to remove the passovers or nonselec-

tions of the 1972 and 1973 selection boards, was arbitrary, capricious, without rational basis, unsupported by substantial evidence, and contrary to law. The Air Force's authority to terminate plaintiff under the two-passover rule was improperly exercised, and plaintiff is entitled to back pay calculated in accordance with law, and we order his reinstatement to the rank of captain from the date of his discharge on April 30, 1973. We further order the Secretary to remove from plaintiff's records the two passovers for promotion to major. We also order that an appropriate nonprejudicial explanation be put in plaintiff's records dealing with the gaps therein due to the nonselections and covering the period of plaintiff's reconstituted service from the time of discharge up to his reinstatement. It is ordered that upon his corrected record plaintiff be given, if he wishes, restoration to active duty commissioned status.

Plaintiff's motion for summary judgment is granted in conformity with this opinion. Defendant's cross-motion is denied. Judgment is entered for plaintiff with the amount thereof to be determined pursuant to Rule 131(c). The Secretary of the Air Force is directed to implement the other relief set forth above and made a part of this judgment.