Military pay; promotions; passover for promotion. — On March 21,1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This military pay case comes before the court on defendant’s motion for summary judgment and plaintiffs opposition. Plaintiff alleges that he was unlawfully separated from the Army and that the failure of the Army Board for the Correction of Military Records to correct his records as he requested was arbitrary, capricious, and contrary to law. We conclude that plaintiff has failed to present evidence sufficient to establish error in the selection process or to warrant further inquiry, and we therefore grant defendant’s motion.
Plaintiff was twice passed over for promotion to the rank of major, and, as a consequence, was involuntarily discharged pursuant to 10 U.S.C. § 3303(d)(3)(1976). He argues that two of the officer effectiveness reports (OERs) in his record before the selection boards which failed to recommend him for promotion were defective because they were accomplished in violation of Army regulations. The allegations of probable error or injustice were considered by a Special Review Board and by the Correction Board.[1] These *668 boards concluded that there was insufficient evidence to establish a proper basis for any corrections. In his suit in this court plaintiff asks for an order removing the challenged OERs from his record, voiding his two passovers, promoting him to major, and awarding back pay and associated benefits.
In challenging the decision of the Correction Board the plaintiff must make at least a prima facie case both that an error or injustice was committed against him with respect to the OERs he attacks and also that this error or injustice had a substantial impact on his passovers (or that the court should direct further inquiry into the impact). See, e.g., Hary v. United States, ante at 10, 618 F.2d 704 (1980). In that connection, in order to prevail, the plaintiff must show by "cogent and clearly convincing evidence that the Board’s decision was arbitrary, capricious or unlawful.” Dorl v. United States, 200 Ct. Cl. 626, 633, cert. denied, 414 U.S. 1032 (1973). Sanders v. United States, 219 Ct. Cl. 285, 302, 594 F.2d 804, 813-14 (1979).
On the first prong of this double test, plaintiff presents arguments supported by a number of statements which raise serious questions about whether the officers who rated him in the contested OERs were the proper raters under the pertinent Army regulations. The basis for the Special Review Board’s conclusion that the plaintiff was properly rated is unclear.[2] We need not, however, resolve this issue. Assuming, arguendo, that the OERs challenged by plaintiff should have been removed by the Correction Board, he has failed to proffer a sufficient showing that the presence of these OERs led to overall prejudicial error in the selection process.
The facts in the record before us show the following: The first challenged OER had a rating of 94 out of 100. In the second challenged OER the rater gave plaintiff a score of *669 92, and the indorser gave a 95. The rater also noted that he would "[r]ecommend further study in areas of military writing and unit administration.” In the undisputed OER immediately preceding the challenged OERs the rater and indorser gave a score of 98. Plaintiff contends that the decrease in his ratings in the challenged OERs "unavoidably influenced” the decision of the selection boards. The Special Review Board, however, concluded, in respect to the first OER plaintiff challenges, that "[t]he contested report is neither adverse nor at significant variance with [plaintiffs] other reports in the same general time frame.”
We cannot accept plaintiffs contention that the mere decrease in his ratings in the two challenged OERs, standing alone, is sufficient to show that his overall record containing the allegedly defective OERs was not substantially fair and complete.[3] His record as presented to us does not appear so clearly outstanding that we can presume that any positive change in his ratings could well have resulted in his promotion. Nor has plaintiff submitted evidence of his other rankings before the selection boards which indicate that such a presumption would be reasonable (or worth remanding for further inquiry). Since there is insufficient evidence, before us, to show a material error in the selection process as a whole, the Correction Board’s decision that plaintiffs passovers should not be voided cannot be said to be arbitrary, capricious, or contrary to law.
Accordingly, it is ordered, upon consideration of the submissions of the parties, but without oral argument, that defendant’s motion for summary judgment is granted. The petition is dismissed.

 Apparently, plaintiffs claim was considered three times by the Special Review Board and twice by the Correction Board. While the record is sketchy, it appears that the Special Review Board’s original decision that the first OER challenged by plaintiff was proper and that the rating was not adverse is the primary basis for *668 rejecting plaintiffs subsequent claims. There is some additional discussion underlying the later decisions, but the rationale appears to be that plaintiff had not submitted new evidence sufficient to refute the original decision of the Special Review Board.

 The original recommendation of the Special Review Board (see note 1, supra) observes that there is contradictory evidence concerning the basis and operation of the rating scheme which is at the heart of plaintiffs claim that he was rated by the wrong officer. The Board made no attempt to resolve this dispute, and there is no explanation for its failure to do so.

 The court has emphasized that an officer in plaintiffs position is entitled to be considered by the selection boards on the basis of a record portraying his service career on "a fair and equitable basis,” as the statute requires (10 U.S.C. § 3442(c) (1976)). See, e.g., Sanders v. United States, 219 Ct. Cl. 302-03, 594 F.2d at 814; Hary v. United States, supra.