This is a pro se case by an Air Force officer who was passed over by selection boards for promotion, and was accordingly retired involuntarily as a major. He claims that the Correction Board acted improperly in refusing to set aside the passovers and order his promotion. He seeks back pay, active and retired. Both parties have filed motions for summary judgment and oral argument has been had. We decide that plainitff has failed to show that the Correction Board acted arbitrarily, capriciously, without support in substantial evidence, or illegally.
Plaintiff served as a reserve officer for many years, reaching the rank of major. In June 1969 and January 1970 selection boards failed to choose him for promotion to lieutenant colonel. Having completed 28 years of commissioned service in June 1970, he was involuntarily retired as a major iii the Air Force Reserves as of July 1, 1970. In 1971, on his application, the Air Force Board for the Correction of Military Records recommended that (a) his Officer Effectiveness Reports (OERs) for August 11, 1963-August 25, 1963, October 1, 1963-September 30, 1964, and October 1, 1968-September 30, 1969, should be set aside, and (b) he be considered for promotion to the permanent reserve grade of lieutenant colonel by the next regularly scheduled selection board for that post, and if selected and promoted he was to be retired in the grade of lieutenant colonel. This recommendation was put into effect. In April *580 1972 another selection board considered plaintiff but again he was not selected.
In March 1973 plaintiff applied once more to the Correction Board, asking, first, that substitute OERs prepared at plaintiffs request by former rating and endorsing officers be substituted for the nullified or nonexistent reports of October 1, 1968-September 1969 and October 1969-Septem-ber 1970, and, second, that plaintiff be promoted and retired as a lieutenant colonel as of January 1, 1970. This application was refused in February 1974. Plaintiff applied again to the Correction Board in June 1976; this request was also turned down. The present suit was filed on June 29,1976.
The Government first raises the defense of laches but we need not reach or consider it because we are satisfied that plaintiff has no right on the merits to relief from this court. His case was considered by three selection boards, including one which acted after the three OERs had been nullified. He also has had two determinations by the Correction Board that his passovers and retirement should not be rectified. The three defective OERs (his main complaint) had already been voided in administrative process before the Correction Board’s two decisions which are challenged here. In that posture, plaintiff must show that (a) the Correction Board committed legal errors or manifest injustices additional to the ultimate adverse action of nonselection for promotion; and/or (b) the Correction Board’s refusal to recommend his promotion (in view of the voiding of the three OERs, and any additional errors) reflected a failure to observe the nexus between those defects and the ultimate nonselection of the officer for promotion. Hary v. United States, 223 Ct. Cl. 10, 15, 19-24, 618 F.2d 704, 706-07, 709-11 (1980); Gruendyke v. United States, ante at 193, 639 F.2d 745(1981).
Aside from his ultimate nonselection, the only Correction Board error plaintiff now presents is the failure to accept substitute OERs which Major Ware had had informally prepared by former supervisors for insertion in the place of two of the voided or nonexistent OERs (Oct. 1, 1968-Sept. 30,1969; Oct. 1,1969-June 20,1970). We see nothing legally incorrect or unjust in the Board’s decision on this point. *581 Attempted unofficial upgrading of that general type has often been rejected. See Hary, supra, 223 Ct.Cl. at 17-18, 618 F.2d at 708. In this case, moreover, the first period (Oct. 1, 1968-Sept. 30,1969) was covered by insertion in the records of the then required notation: "Not rated for the period from 1 Oct. 68 thru 30 Sep. 69.” As for the later period (Oct. 1,1969-June 30, 1970), the governing directive was that no OER was to be prepared for that span because it was too close to plaintiffs retirement on July 1,1970 (a retirement date he does not challenge).[1]
The more significant issue remains whether the presence of the voided OERs, or the "gaps” caused by their absence, so infected the passovers by the selection boards that the Correction Board’s determinations sustaining plaintiffs nonselection must be set aside. That question we review, of course, under the settled principle that the Correction Board must be upheld unless it was arbitrary, capricious, or unsupported by substantive evidence. By that standard, the heart of this part of the case is that plaintiffs record before the selection boards could permissibly be considered as portraying his career on a "fair and equitable basis,” both with and without the voided OERs. See Hary, supra, 223 Ct. Cl. at 19-24, 618 F.2d at 709-711. The defective OERs were nullified because of procedural or technical irregularities, not because they contained significant matter alien to the rating process or definite misstatements of significant hard facts. [2] Plaintiffs OERs, taken as a whole, do not compel a determination that he was an outstanding officer; he rather seems to have been average. The selection boards had before them the OERs and could evaluate for themselves the ratings given to plaintiff (there is no point, therefore, to cavilling at the Department of Justice’s numerical appraisal of the ratings for litigation purposes in this court) and we cannot say either that any of the boards acted wrongly in passing over Major Ware or that he would probably have been selected if the voided OERs had been replaced by proper OERs. This is shown most directly by plaintiffs *582 comparative position before the 1969 selection board (as to which records are available). With respect to his panel of the June 1969 board, plaintiff was substantially below the cutoff point and there were about 29 officers between him and the cutoff point, with 20 officers having the same score as his.[3] No records are now available for the January 1970 and April 1972 boards, but those tribunals could properly consider him as having been already passed over in 1969, and we cannot say that his standing before those boards was close or very close to selection. We are therefore unable to say that the Correction Board had to find that he would most likely have been promoted in 1969,1970 or 1972. The end result is that plaintiff has had three separate chances for promotion and we cannot void his nonselection by any of those selection boards.
Accordingly, it is ordered that defendant’s motion for summary judgment is granted, plaintiffs motion for summary judgment is denied, and the petition is dismissed.
Plaintiffs motion for rehearing was denied March 6, 1981; plaintiffs petition for a writ of certiorari was denied, 454 U.S. 849 (1981).

 In any event an OER for this period would not have been available for the January 1970 selection board.

 As we have pointed out, belated personal letters or efforts to show that OERs generally underrated the officer need not be accepted by the Correction Board.

 65% of the officers were to be chosen and that percentage totalled (for plaintiffs panel) 208 who were at or above the cutoff point. 257 officers had plaintiffs score or higher.