Raymond E. HORN, Jr.

v.

The UNITED STATES.

No. 199–79C.

United States Court of Claims.

Feb. 24, 1982.

Keith A. Rosenberg, Washington, D.C., atty. of record, for plaintiff. Newrath, Meyer & Faller, P.C., Washington, D.C., of counsel.

Virginia I. Bell, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Maj. Charles Fulbruge, Dept. of the Army, Washington, D.C., of counsel.

Before COWEN, Senior Judge, and NICHOLS and KASHIWA, Judges.

## ON THE PARTIES' CROSS–MOTIONS FOR SUMMARY JUDGMENT

COWEN, Senior Judge:

Plaintiff is a former United States Army Reserve officer who served on active duty until December 19, 1978. On that date, he was released from active duty because he had been twice non-selected for promotion to the rank of Lieutenant Colonel. In his motion for summary judgment, plaintiff challenges his release from active duty and asserts that his non-selections for promotion were void and illegal. He seeks retroactive restoration to active duty, back pay and other relief. In its cross-motion for summary judgment, defendant contends that plaintiff has failed to exhaust his administrative remedies, but that even if he was not required to do so, his non-selections for promotion and his subsequent release from active duty were valid. After hearing oral argument and considering the motions and briefs of the parties, we agree with plaintiff's contentions and hold that his motion for summary judgment should be granted.

I.

Plaintiff entered on active duty as a reserve commissioned officer in the United States Army on March 4, 1962, and received promotions culminating in one to the rank of Major in the Army of the United States (AUS) on November 5, 1968. His final Army assignment was as Battalion Advisor to the Louisiana National Guard from May 27, 1973 to December 18, 1978.

Plaintiff was initially considered but not selected for promotion to the rank of Lieutenant Colonel, AUS, by a selection board which convened on April 5, 1977. After this non-selection, two errors in plaintiff's military records were discovered. The first was the failure of the Army to delete the indorser's portion of an Officer Efficiency Report (OER) of June 1, 1968, which was to have been removed pursuant to plaintiff's successful appeal action of July 15, 1969. The Army had ordered that the indorser's portion of the OER be removed on the ground that the indorser did not have operational control of plaintiff for the 60 days required by the regulations. There were also other administrative discrepancies. The second error consisted of a Department of the Army letter dated May 5, 1972, which incorrectly labeled an "officer efficiency report" as an "adverse efficiency report." To correct these errors, the Army directed that the indorser's portion of the OER be deleted and that the letter be changed to read "officer" efficiency report. As a result of these errors, the Department of the Army ordered that plaintiff be reconsidered for promotion by an Army Standby Advisory Board (STAB) which convened on September 16, 1977. The STAB was provided with a letter of instruction ordering the Board to consider plaintiff's file along with those of other officers, using the criteria contained in the instructions given to the selection board of April 5, 1977.

Plaintiff was considered, but was not selected, for promotion to the rank of Lieutenant Colonel, AUS, by the STAB which convened September 16, 1977. Officers who had sat on the selection board that convened April 5, 1977 also sat on the

Standby Advisory Board which convened on September 16, 1977.

A doubt arose as to whether the indorser's portion of the OER of June 21, 1968 had been removed from plaintiff's records at the time that he was considered for promotion by the STAB on September 16, 1977. Consequently, the Department of the Army ordered that plaintiff's records again be submitted for promotion consideration to a STAB which convened July 6, 1978. Officers who served on the July 6, 1978 STAB had previously served on the September 16, 1977 STAB, as well as on the April 5, 1977 selection board. Plaintiff was again non-selected for promotion to the rank of Lieutenant Colonel by that STAB.

Plaintiff was also considered, but not selected, by the regularly scheduled Army Selection Board established pursuant to 10 U.S.C. § 3442 and AR 624–100, which convened June 6, 1978 and adjourned July 13, 1978. None of the members of the June 6, 1978 Board had previously sat on either of the STAB's which had considered plaintiff for promotion or on the selection board which convened April 5, 1977. However, the selection board had before it records showing that plaintiff had not been selected by the board which convened April 5, 1977.

As a result of the fact that he had been non-selected for promotion twice, plaintiff was, as previously stated, released from active duty on December 19, 1978. He brought this action on May 14, 1979.

## II.

We first consider defendant's contention that since plaintiff has not submitted his complaint to the Army Board for the Correction of Military Records (ABCMR), he has failed to exhaust his administrative remedies, and the court should remand the case to that Board to permit it to develop a full and complete administrative record for review by the court. This is the same contention which the Government made in its motion for remand, which was denied by this court by order of October 3, 1980. The contention is again rejected on the same ground, namely, that under the

circumstances, review by the ABCMR is a permissive rather than a mandatory administrative remedy.

## III.

On the merits, the first issue raised by the parties' cross-motions is whether the two errors in plaintiff's OER's were material errors that were calculated to prejudice the selection board against his promotion, or whether they were immaterial and harmless errors. As we have repeatedly held "a substantially complete and fair record is a necessary requirement of proper consideration by a selection board." *Sanders v. United States*, 219 Ct.Cl. 285, 302, 594 F.2d 804, 814 (1979).

The first error in the OER covering the period from December 13, 1967 to June 21, 1968 was the failure to delete Part XII. Defendant argues that this was an insignificant portion of plaintiff's file, whereas plaintiff asserts that Part XII was the ranking or score, and was therefore the most important and readily identifiable portion of the OER.

The other error, which labeled the OER as an "adverse efficiency report" rather than an "officer efficiency report," is dismissed by defendant as a mere typographical error. But plaintiff says that the word "adverse" is a word of art in the Army, denoting substandard performance, according to A.R. 623–105, ¶ 5.2(h).

We think the question was decided by Army action taken in 1977. Army Regulation 624–100, § III, ¶ 18 *b*, provides as follows:

*b.* Selection board action is administratively final. Reconsideration for promotion will be afforded only in those cases where *material error* was present in the records of an officer when reviewed by a selection board. This determination will be made by Headquarters, Department of the Army. [Emphasis supplied.]

In view of the regulation and the circumstances, the referral of plaintiff's file to the STAB's to decide whether plaintiff should be recommended for promotion, was a de-

termination, or at least a tacit admission, by the Army that the errors were material. Therefore, we find that plaintiff was denied consideration by the selection board of April 5, 1977, on the basis of a record which portrayed his service career on "a fair and equitable basis." *Sanders v. United States,* 219 Ct.Cl. at 302, 594 F.2d at 814.

### IV.

■ The second issue to be decided involves the most serious defect in the selection board procedure: the illegal composition of the STAB's which did not recommend plaintiff for promotion. It is undisputed that some of the officers who served on the April 5, 1977 selection board also served on the September 16, 1977 and July 6, 1978 STAB's. The same officers thus considered plaintiff for promotion to the rank of Lieutenant Colonel on three separate occasions.

A case recently decided by this court, *Evensen v. United States,* —— Ct.Cl. ——, 654 F.2d 68 (1981), involved an officer who was considered by two selection boards and not selected for a promotion. The boards had before them two defective OER's which were later voided by the ABCMR. He was then twice considered for promotion by STAB's whose members had previously considered his case while they served on one of the prior selection boards. After reviewing the pertinent statutes, Army Regulation 624–100 §§ 2, 2–5b, the Standing Letter of Instruction for STAB's, and an advisory opinion issued by the Judge Advocate General's Corps, the court held that the overlapping composition of the STAB boards was "unfair, contrary to governing law and policy, and did not give Major Evensen his 'two fair chances at promotion as required by statute and regulation.'" The court concluded that the composition of the STAB was so fundamentally defective that its recommendations against promotion should be voided.

Defendant attempts to convince us that *Evensen* is distinguishable on its facts, first because plaintiff's record before the April 5, 1977 selection board was, according to de-

fendant, not materially in error. However, as we have previously found, the Army itself essentially admitted that the errors in plaintiff's file were material and therefore *Evensen* cannot be distinguished on this basis.

The Government further argues that this court in *Evensen* assumed, albeit erroneously, that it was confronted with a situation where the STAB's were substituted for administratively voided statutory selection boards, whereas the case before us does not involve a situation where the entire selection board process was redone. Instead, defendant says, that the Army merely referred plaintiff's record to the two STAB's for determination of "harmless error" and did not void the 1977 passover.

We find no merit in defendant's contentions and no valid reason why the principle of *Evensen* should not be applied to the facts in this case. As in *Evensen,* the STAB here was directed to recommend or to decline to recommend promotion for officers the same way as does a regular selection board. The STAB's were directed to use the same procedures and criteria as were applied by the legally constituted selection boards. There is nothing to support defendant's statement that the referral of plaintiff's record to a STAB was merely for the purpose of making a determination of "harmless error." Consequently, we hold here, as the court held in *Evensen,* that:

> The "harmless error" rule of *Sanders v. United States,* 219 Ct.Cl. 285, ——, 594 F.2d 804, 818 (1979), is inapplicable to this defect in the composition of the STAB. *See Doyle [v. United States] supra,* 220 Ct.Cl. [——] at ——, 599 F.2d [984] at 996. Where, as here, the defect goes to board composition, rather than to the contents of an officers OERs or files (as it did in *Sanders*), automatic voiding of the passover is justified * * *. [footnote omitted]. [—— Ct.Cl. at ——, 654 F.2d at 72.]

### V.

■ Finally, we consider the validity of plaintiff's non-selection by the June 6, 1978 statutory selection board. Although it was

legally constituted, the board had before it records showing that plaintiff had not been selected by the board which convened April 5, 1977. The fact that plaintiff had not been selected by the April 5, 1977 board should not have been included in plaintiff's records, because that non-selection was based on records that contained material errors. As this court squarely held in *Riley v. United States*, 221 Ct.Cl. ——, ——, 608 F.2d 441, 444 (1979), the inclusion of the prior non-selection record, under such circumstances, constituted prejudicial error which renders the decision of the June 6, 1978 selection board invalid. To the same effect, *see Dilley v. Alexander*, 603 F.2d 914 (D.C.Cir.1979).

Plaintiff declares, and defendant does not dispute, that plaintiff's opportunity for selection when initially considered for promotion in 1977 was 67 percent. However, as a previously non-selected officer his chance for promotion in 1978 was only 13 percent. Therefore, it cannot be said that the inclusion in the record of the prior non-selection was a mere harmless error. "The parties and even the Correction Board acknowledge that previous passovers may detrimentally affect promotion opportunities." *Sanders v. United States, supra*, 219 Ct.Cl. at 312, 594 F.2d at 819.

### CONCLUSION

On the basis of the foregoing, we conclude that plaintiff was denied consideration for promotion on a fair and equitable basis as required by 10 U.S.C. § 3442(c). Accordingly, plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied. Plaintiff is entitled to back pay calculated in accordance with the law, and judgment therefor is entered in behalf of plaintiff, with the amount to be determined pursuant to Rule 131(c).

In addition, the Secretary of the Army is directed to take the following actions to correct plaintiff's records:

A. Expunge from the plaintiff's records his non-selections for promotion to the rank of Lieutenant Colonel by the selection boards that convened April 5, 1977 and June 6, 1978, as well as his non-selections for promotion by the STAB's which convened September 16, 1977 and July 6, 1978.

B. Expunge plaintiff's release from active duty in the grade of Major on December 19, 1978.

C. Show that plaintiff was retroactively reinstated to active duty with the rank of Major, AUS, effective December 19, 1978.

D. Include in plaintiff's record a statement that his record has been corrected as a result of judicial action.