**Edward L. HODAKIEVIC**

v.

**The UNITED STATES.**

**No. 534–82C.**

United States Claims Court.

Oct. 29, 1984.

---

Seymour Gross, Cleveland, Ohio, for plaintiff.

M. Susan Burnett, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Major Chester H. Morgan, II, U.S. Air Force, Washington, D.C., of counsel.

## OPINION

MEROW, Judge:

This case comes before the court on cross motions for summary judgment. Plaintiff, Edward L. Hodakievic, a retired Air Force major, seeks reinstatement to the active reserves and back pay from September 18, 1977 to the date of judgment.

### Facts

Plaintiff is a retired Air Force reserve officer. While serving as a major on active reserve duty, he was twice passed over for promotion. The first decision to passover plaintiff was made when plaintiff's file included a later voided Officer Effectiveness Report (OER). The second passover decision was reached without consideration of the invalid OER. Although ordinarily Air Force reserve officers twice passed over for promotion would be discharged, because Major Hodakievic had served 19 of the 20 years necessary to earn retirement pay, he was retained on active duty status until he completed 20 creditable years for retirement. Pursuant to 10 U.S.C. § 8846, Major Hodakievic was advised he could voluntarily transfer from active to reserve duty or he could be discharged. Plaintiff selected the former.

After he retired, plaintiff filed an application for correction of his record with the Air Force Board for the Correction of Military Records (correction board). Plaintiff sought to void both passovers and to be promoted to lieutenant colonel. The correction board denied the application. Plaintiff requested and was denied reconsideration of the decision.

Plaintiff subsequently filed suit in this court. Plaintiff alleges the correction board improperly reviewed his record. Plaintiff also alleges that since the unfavorable OER was voided, his first passover was invalid and that, as a result, he was discharged on the basis of a single passover, contrary to 10 U.S.C. § 8303(d). Finally, plaintiff alleges the second passover should be voided.

Cross motions for summary judgment have been filed. Defendant argues that plaintiff's retirement, pursuant to 10 U.S.C. § 8846, was voluntary and deprives this court of jurisdiction. In the alternative, defendant argues that the inclusion of the voided OER in plaintiff's record constitutes harmless error. Finally, defendant contends that the second selection board fairly and equitably considered plaintiff's record.

For the reasons stated below, it is concluded that defendant's motion for summary judgment is granted and plaintiff's motion is denied.

### Discussion

#### 1) *Jurisdiction*

■ Defendant raises a difficult question concerning the court's jurisdiction in this matter. Voluntary retirement deprives the court of jurisdiction over pre-retirement employment controversies in civilian pay cases. *Parker v. United States*, 230 Ct.Cl. 974 (1982); *Clark v. United States*, 229 Ct.Cl. 570, 573–74 (1981). It is unclear whether this principle should be extended to military pay cases. *See Haynes v. United States*, No. 566–83C (Cl.Ct. Feb. 22, 1984); *but cf. Sanders v. United States*, 219 Ct.Cl. 285, 294–301, 594 F.2d 804, 809–10 (1979); *Koster v. United States*, 231 Ct.Cl. 301, 310, 685 F.2d 407, 413 (1982); *Rawlins v. United States*, 225 Ct.Cl. 367, 646 F.2d 459 (1980); *see also* 10 U.S.C. § 631(b). Since the issue was not comprehensively briefed and since it is concluded that defendant prevails on the merits of its summary judgment motion, the

jurisdiction issue raised by defendant need not be addressed at this time.

### 2) *Merits*

#### a) *Selection board*

Plaintiff contends the first passover was improper because it resulted from an invalid OER. Officers claiming that they have been improperly selected out, after passovers, must first show the service committed a legal error (or perhaps a serious injustice). *Engels v. United States*, 230 Ct.Cl. 465, 467, 678 F.2d 173, 175 (1982), and cases cited therein. A claimant must also show there is an adequate nexus or link between the error or injustice and the adverse action (*e.g.*, passover and nonselection for promotion). *Hary v. United States*, 223 Ct.Cl. 10, 15, 618 F.2d 704, 706–7 (1980), and cases cited therein. Plaintiff has failed to establish a prima facie showing of a substantial connection between the error and the passover.

Plaintiff contends that the voided OER interrupted his steadily increasing ratings. It appears plaintiff's ratings had leveled off before he received the negative OER. Although plaintiff's ratings improved from 4/2 to 7/3, between 1964 and 1970, his rating remained at 7/3 from 1970 to 1973, 5 reporting periods. At one point plaintiff also contended he was prejudiced because the voided OER was the "top document" in his file. However, defendant established and plaintiff did not contest that the voided OER was not plaintiff's "top document." In addition, plaintiff's record is not outstanding. Even excluding the voided OER, plaintiff rates poorly in comparison with his peers.

#### b) *Correction board*

Plaintiff contends the correction board acted improperly because it refused to void the first and second passovers. To prevail, plaintiff must show by cogent and clearly convincing evidence that the board's decision was arbitrary, capricious or unlawful. *Horn v. United States*, 223 Ct.Cl. 667,

668, 650 F.2d 286 (1980); *Sanders v. United States*, 219 Ct.Cl. 285, 302, 594 F.2d 804, 813–14 (1979); *Dorl v. United States*, 200 Ct.Cl. 626, 633, *cert. denied*, 414 U.S. 1032, 94 S.Ct. 461, 38 L.Ed.2d 323 (1973).

Regarding the first passover, plaintiff argues the correction board acted improperly because it reviewed plaintiff's record without the voided OER. In support of its argument, plaintiff cites AFR 31–3(B)(8)(b) (1970) which requires the board to consider relevant evidence. The board acted properly in considering plaintiff's record without the voided OER. Indeed, inclusion of the voided OER may constitute prejudicial error. *Cf. Horn v. United States*, 230 Ct.Cl. 18, 24, 671 F.2d 1328, 1332 (1982).

Plaintiff also argues the correction board improperly acted as a "super selection board." Plaintiff contends the board employed the rejected "but for" standard in evaluating plaintiff's passover. *See Sanders v. United States*, 219 Ct.Cl. 285, 594 F.2d 804 (1979). As evidence of this, plaintiff points to the correction board's finding which states: "The evidence presented does not substantiate applicant's contention that he would have been promoted had the contested OER not been in the record." Since the correction board did not have the voided OER before it, it cannot logically be argued that the board evaluated plaintiff on the basis of the impact of the invalid OER on the selection board. It is reasonable to assume the correction board evaluated plaintiff on the basis of his corrected file.

Finally, plaintiff alleges the correction board acted improperly in upholding the second passover. Plaintiff argues in general terms that the second passover resulted from the first. However, plaintiff has not alleged a causal link. *Horn*, 230 Ct.Cl. at 24. Plaintiff's files which the second selection board considered did not indicate that plaintiff was previously passed over for promotion.

*Conclusion*

On the basis of the facts presented, substantial evidence shows that it was unlikely plaintiff would have been promoted in the absence of the invalid OER. In addition, plaintiff has failed to set forth sufficient facts to support his contention that the correction board acted arbitrarily or capriciously.

Accordingly, it is ORDERED:

(1) Plaintiff's motion for oral argument is denied;

(2) Plaintiff's motion for summary judgment is denied;

(3) Defendant's motion for summary judgment is granted with plaintiff's complaint to be dismissed.