William E. BURKE

v.

**The UNITED STATES.**

No. 96–83C.

United States Claims Court.

May 8, 1985.

---

Norman L. Blumenfeld, Washington, D.C., for plaintiff.

Alvin A. Schall, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant; Major Guy J. Sternal, Dept. of the Air Force, Washington, D.C., of counsel.

## OPINION

WOOD, Judge:

In this action, before the court on cross-motions for summary judgment, plaintiff, a former regular commissioned officer of the United States Air Force, sues to recover the basic pay and allowances of a captain, less appropriate offsets, from February 28, 1977, to about November 30, 1978, on the ground that his release from active duty as a commissioned officer February 27, 1977, was in violation of the provisions of 10 U.S.C. § 8913(b) (1976) [1] and therefore unlawful.[2]

---

1. Unless otherwise indicated, all statutory citations are to the provisions of law in force in 1976 and 1977.

2. Plaintiff also seeks an order, pursuant to 28 U.S.C. § 1491(a)(2) (1982), directing the Secretary of the Air Force to correct his military records so as to rectify the claim of error.

In brief terms, plaintiff contends that under the provisions of section 8913(b), he was entitled to be retained on the active list of the Air Force in his "regular" commissioned grade because he was, at the time of his separation from active military service as a commissioned officer, within two years of becoming eligible for retirement, as an enlisted man, under the provisions of 10 U.S.C. § 8914.[3] Defendant asserts that section 8913(b) confers no benefits upon plaintiff here. Defendant's position is sound, and sustained.

## I

The facts essential to a proper disposition of this matter are relatively few, and undisputed. Before stating those facts, however, a brief recitation of the statutory background out of which the case arose may be helpful to understanding.

## A

During the time frame here relevant, the names of most commissioned officers on the active list of the Regular Air Force were carried on promotion lists, and those officers were referred to as "promotion-list officers." 10 U.S.C. § 8296(a). A promotion-list officer whose regular grade was first lieutenant was to be considered for promotion to the regular grade of captain in due course, and "if recommended," was to be promoted on the date on which he completed "7 * * * years of service with which he is entitled to be credited for promotion * * *." 10 U.S.C. § 8299(b).

A promotion-list officer considered for promotion to the grade of captain under section 8299, but not recommended for promotion, was termed a "deferred officer," and was to be again considered by the next selection board considering officers of his grade and promotion list. 10 U.S.C. § 8303(a), (c). If not recommended by that selection board, the "deferred officer" was, if eligible, to be retired under section 8913; if not eligible for retirement under section 8913, but eligible for retirement "under any other provision of law," to be retired under that law; and, if not eligible for retirement under either section 8913 or any other provision of law, to be discharged with severance pay. 10 U.S.C. § 8303(d).

Under section 8913(a), a deferred officer not recommended for promotion under section 8303(c) who had at least 20 years of service computed under 10 U.S.C. § 8927(a) was to be retired at a specified time thereafter. One not recommended for promotion under section 8303(c), and who was not eligible for retirement under section 8913(a), but who "is within two years of becoming entitled to retirement under subsection (a) or some other provision of law, shall be retained on the active list in his regular grade" until so entitled to retire, and then retired. 10 U.S.C. § 8913(b).[4]

## B

As noted at the outset, plaintiff is a former regular commissioned officer of the United States Air Force.[5] On February 27, 1977, while serving on active duty in the temporary grade of captain, Air Force of the United States, he was released from active duty by reason of what his complaint

---

**3.** As in force in 1977, section 8914 provided that "a regular enlisted member of the Air Force who has at least 20, but less than 30, years of service computed under section 8925 of this title may, upon his request, be retired."

**4.** Section 8913(b) was repealed effective September 15, 1981. Section 217(a), act of December 12, 1980, 94 Stat. 2835, 2866. The repeal did not, however, affect rights that had matured

before that date. Section 703, act of December 12, 1980, 94 Stat. 2835, 2956, 10 U.S.C. § 101 note (1982). *See also* 10 U.S.C. §§ 627 *et seq.* (1982).

**5.** Plaintiff was appointed a first lieutenant in the Regular Air Force April 5, 1973. He had theretofore served in the Air Force both as an enlisted man and as a commissioned officer of the Air Force Reserve.

terms "twice nonselection for promotion to the permanent grade of captain." *Cf.* 10 U.S.C. §§ 8299, 8303. As of February 27, 1977, plaintiff had completed a total of more than 18 years of active military service. He had then performed seven years, two months and 21 days of active service as a commissioned officer.[6] The remainder of his active service had been performed as an enlisted man.

Following February 27, 1977, plaintiff enlisted in the Air Force in the grade of staff sergeant (E–5). He served on active duty in an enlisted status until he completed more than 20 years of active military service. On November 30, 1978, he retired, as an enlisted man, pursuant to the provisions of 10 U.S.C. § 8914. *See* n. 3, *supra.*

At his separation from active commissioned status, plaintiff was not eligible for retirement as a commissioned officer, under either section 8913(a) or any other provision of law. Nor was he within two years of becoming eligible for retirement as a commissioned officer under any provision of law. In view of his February 28, 1977, enlistment in the Regular Air Force, and his enlisted service on active duty thereafter, however, he became eligible to—and in fact did—retire from active military service as an enlisted man under section 8914 on November 30, 1978, within the two-year period following his separation from active service as a commissioned officer. That eligibility underlies this litigation.

Parenthetically, by application, dated April 7, 1977, plaintiff presented to the Air Force Board for Correction of Military Records the contention that his separation from active duty February 27, 1977, had been in violation of his statutory rights under section 8913(b). By letter, dated October 18, 1979, the Deputy Secretary of the Board advised plaintiff that his application had been denied, without a hearing, for plaintiff's failure to "demonstrate the existence of probable material error or injustice." This action, commenced February 25, 1983, followed.

## II

■ The fundamental inquiry in this case is whether plaintiff's involuntary separation from active duty as a commissioned officer was legally erroneous and in violation of statute. If so, redress by way of judicial action is available. "Where an involuntary separation from the military is precipitated by the commission of legal error, the action [may be] declared void and this court may award back pay to the aggrieved serviceman." *Sanders v. United States,* 594 F.2d 804, 813, 219 Ct.Cl. 285 (1979). *See also Heisig v. United States,* 719 F.2d 1153, 1155 (CAFC 1983); *Horn v. United States,* 671 F.2d 1328, 1330, 230 Ct.Cl. 18 (1982).[7]

■ On careful analysis, plaintiff's contentions are, albeit not in these precise words, that at the time of his separation from active service as a temporary captain, Air Force of the United States, he was (by virtue of his total of more than 18 years of active military service) within two years of becoming entitled to retirement as a regular enlisted member of the Air Force, under section 8914, and that, under the terms of section 8913(b), he was therefore entitled to "be retained on the active list in his regular [commissioned] grade"[8] until he had completed at least 20 years of active service, and then retired as an enlisted man under section 8914. That convoluted reading of

---

**6.** Plaintiff does not contend that, as of February 1977, he was within two years of qualifying for retirement under 10 U.S.C. § 8911, which provided that a commissioned officer of the Air Force with at least 20 years' active service, at least 10 years of which was active commissioned service, might retire on his own request.

**7.** One who seeks administrative correction of an erroneous legal interpretation of a statute by the military should not find his right to judicial redress therefor in any way diminished simply because of the futile effort to obtain administrative relief. *See Sanders,* 594 F.2d at 814.

**8.** As of February 27, 1977, plaintiff's "regular" commissioned grade was that of first lieutenant, not captain.

the statutes is not a justifiable nor an accurate one.

Section 8913(b) was intended to confer upon a deferred officer within two years of becoming entitled to retirement *as a commissioned officer* under "some other provision of law" a protection against separation from active service without retirement pay. The statute afforded such an officer a right to retention on the active list "in his regular grade" in order to complete at least 20 years of service computed under section 8927(a), and thereby to become entitled to retirement with pay.[9]

█ As defendant forcefully and validly contends, plaintiff, at the time of his involuntary separation from active duty as a commissioned officer, was not within two years of becoming entitled to retirement under section 8914. That statutory provision conferred retirement benefits only upon regular Air Force enlisted personnel, and on February 27, 1977, plaintiff was a commissioned officer, not an enlisted member of the Regular Air Force. The possibility—or even a certainty—that following his separation from active duty as a commissioned officer he might enlist in the Regular Air Force, and thereupon (and thereafter) be within two years of becoming entitled to retirement as an enlisted man, did not confer upon him any right, under section 8913(b), to remain on active duty as a commissioned officer.[10]

█ Put in slightly different terms, the government rightly contends that the 18

year "sanctuary" provision of section 8913(b), pertaining to deferred officers, was limited to such persons within two years of becoming entitled to retirement as officers. That provision did not contemplate, or embrace, those in the present plaintiff's factual situation. To accept plaintiff's arguments of entitlement to retention on active duty as an officer under section 8913(b) simply because he might, within two years following February 27, 1977, leave commissioned status, enlist, and thereupon be within two years of becoming eligible to retire under section 8914, would obliterate distinctions in the statutory scheme carefully drawn by Congress, and amount to judicial legislation.

In declining to retain plaintiff on active duty in a commissioned status following February 27, 1977, the Department of the Air Force did not deprive him of any statutory rights. *A fortiori*, the 1979 affirmation of that statutory interpretation by the Air Force Board for Correction of Military Records cannot be deemed contrary to law in any respect.

In light of the foregoing, plaintiff's complaint will be dismissed pursuant to RUSCC 58.

**9.** Section 8927(a) related to computations of years of service for the purpose of determining eligibility for retirement of Regular Air Force commissioned officers under specified statutory provisions.

**10.** To reiterate, even had plaintiff been retained on active duty as a commissioned officer following February 27, 1977, he still would not have been eligible for retirement, either as an officer or under section 8914, within two years from that date.